## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID ZAEPFEL | ) | CASE NO. 23-32852 |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| ANDREA CHEEK ZAEPFEL | ) | |
| N/K/A ANDREA CHEEK and | ) | |
| NOLAN ZAEPFEL | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| vs | ) | A.P. No. 24-3006 |
| | ) | |
| DAVID ZAEPFEL | ) | |
| | ) | |
| DEFENDANT | ) | |

### MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT

This adversary proceeding comes before the Court on the Motion for Summary Judgment filed by the Plaintiffs, Andrea Cheek Zaepfel, n/k/a Andrea Cheek (hereinafter "Andrea") and Nolan Zaepfel, (hereinafter "Nolan"). The Debtor / Defendant David Zaepfel (hereinafter "David") filed an objection to the Motion for Summary Judgment. Upon consideration of the motion, the objection, the supporting exhibits, and the record in this case, the Court concludes that there is no genuine issue of material fact and that the Plaintiffs' Motion for Summary Judgment should be granted.

**I.      STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §1409(a).

**II.     SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). Summary judgment is appropriate only when no genuine issue of material fact remains, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56(a)).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

**III.    FACTS**

The following facts are not in dispute.

1. Andrea and David, were married to each other on August 25, 2000 in Louisville, Kentucky and separated on or about February 22, 2022.
2. David and Andrea are the parents of Nolan.
3. The marriage was dissolved by Consent Final Judgment of Dissolution of Marriage ("Judgment") entered in the record of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida in Case No. 16-2022-DR-001499-FMXX.

4. The Judgment was dated May 17, 2022.

5. The Judgment included provisions concerning amounts due Nolan from David as set forth in the above-referenced divorce judgment.

6. The Judgment contains language at paragraph R, which reads as follows:

> The parties' adult child has two (2) Uniform Gift to Minors Act Account with Raymond James (account ending #'sW378 and D516). The Husband incurred debt of one hundred thirty-nine thousand six hundred ninety-six dollars and eighty-two cents ($139,696.82) on the child's account(s) while he was the Trustee for the account(s), and the funds were not used for the financial benefit of the parties' minor child. These accounts were opened and were funded exclusively by the maternal grandparents and by agreement of the parties, one hundred percent (100%) of the funds removed from the adult son's account shall be reimbursed by the Husband.

7. At Paragraph 43, the terms of repayment are set forth as follows:

> The Husband shall have two (2) years (twenty-four (24) consecutive months) beginning May 1, 2022, to begin reimbursing the one hundred thirty-nine thousand six hundred ninety-six dollars and eighty-two cents ($139,696.82) which he removed from the oldest child's Uniform Gift to Minor's Act (hereinafter referred to as "UTMA") Account in January 2022. The Husband shall initially reimburse at least ten thousand dollars ($10,000.00) in one lump sum amount prior to the end of the first two (2) year period, and at the end of this two (2) year) period an amortization schedule, plus statutory interest, will be developed by the Wife and instituted for the remaining balance owed by the Husband to the parties' son's account. One hundred percent (100%) of the funds removed by the Husband shall be repaid by the Husband and paid directly to Nolan Zaepfel's UTMA Account ending #D516. One hundred percent (100%) of the funds due to be reimbursed by the Husband shall be paid within no more than five (5) years from the date of May 1, 2022.

8. This Judgment was signed by the Circuit Court Judge, and was signed off on by both Andrea and David.

9. On November 29, 2023, David filed for relief under Chapter 7 of the Bankruptcy Code.

3

10. On March 4, 2024, the Plaintiffs filed this adversary proceeding, seeking a declaration that the debts owed to them by David are non-dischargeable under 11 U.S.C. §§ 523(a)(4), (a)(6) and (a)(15).

11. While other marital debts are mentioned in the complaint, the Plaintiffs were seeking a specific determination that the debt owed set forth in paragraph R is nondischargeable.

12. On July 5, 2024, the Plaintiffs filed this motion for summary judgment. The motion was supported by a copy of the Judgment.

13. On August 5, 2024, David responded to the summary judgment motion. He supported his response with the same Judgment.

## IV.   LEGAL ANALYSIS

In the complaint, it is the contention of Plaintiffs that this debt owed by David is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4), (a)(6) and (a)(15). In their Motion for Summary Judgment, however, the Plaintiffs limited their arguments to the applicability of § 523(a)(15). Accordingly, this Court's analysis will also be limited to the applicability of this provision.

The Plaintiffs contend that the language of 11 U.S.C. §523(a)(15) applies to this debt owed by David since his obligation to repay this debt is acknowledged and made part of the Judgment.

Section 523(a)(15) provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

4

11 U.S.C. § 523(a)(15).

Although broad in scope, the principal examples of debts encompassed by § 523(a)(15) are usually those arising out of property settlements and hold-harmless agreements between divorcing or separating spouses. *See, e.g., Jenkins v. Jenkins (In re Jenkins)*, 202 B.R. 102, 104 (Bankr. C.D. Ill. 1996) (§ 523(a)(15) makes hold harmless and property settlements nondischargeable).

Section 523(a)(15), first implemented in 1994, underwent a significant change in 2005 with the enactment of the Congressional Act known by the acronym BAPCPA. Prior to the enactment of BAPCPA, § 523(a)(15) contained affirmative defenses which, if established, permitted a court to discharge property settlements and/or hold-harmless obligations, notwithstanding that the obligation otherwise qualified as a debt falling within the scope of § 523(a)(15). These defenses were known as, (1) the undue burden defense, and (2) the balancing test. However, BAPCPA entirely eliminated these affirmative defenses, thus making any debt falling within the scope of § 523(a)(15) absolutely nondischargeable.

To qualify as the type of marital debt excepted from discharge under § 523(a)(15), the Plaintiffs bear the burden to establish the existence of three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. *In re Johnson*, 2007 WL 3129951 *3 (Bankr. N.D. Ohio 2007) (J. Shea–Stonum).

There appears to be no dispute regarding the applicability of the second and third element. This debt is not a support obligation of the kind described in § 523(a)(5). Moreover, the debt was created in a separation agreement, divorce decree, or judgment of a court of record.

The only dispute concerns the first element. The Plaintiffs contend that since the debt is owed to Nolan, David's child, the first element is also met.

David contends however that the first element is not met because Nolan is an adult and not a minor child. David contends the debt to Nolan is and was a debt owed from one adult to another and not in the nature of support for or benefit of a minor or dependent child. As such, David contends that § 523(a)(15) has no application. David's counsel argues that he was unable to find a single case that has interpreted § 523 (a)(15) to apply to adult children, with the cases almost universally referring to "minor" children.

This is an easy issue for the Court to decide. Nolan, no matter his age, is the child of David. This fact is undisputed. As such, the first element is also met. David would have this Court read into the statute the word "minor" before child. This, the Court is unwilling to do. Such a reading would substantively change the breadth of the statute, limiting its applicability to a whole class of people. Any such restriction should be made by the legislature, not this Court.

The Court was unable to find any precedent limiting § 523(a)(15) to minor children. Moreover, even if such precedent existed, this Court would be reluctant to accept such precedent in light of the plain language in the statute. The Supreme Court has admonished lower courts time after time to avoid judicial legislation. David's argument would defy that directive.

The undisputed facts can only be construed one way: the debt owed by David constitutes a debt owed to a child of the debtor that was incurred through a divorce decree. The fact that Nolan may be an adult has no bearing or relevance on this determination. The Plaintiffs have met their burden of establishing, by a preponderance of the evidence, that "(1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type

described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record." As such, this debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). *Damschroeder v. Williams (In re Williams)*, 398 B.R. 464, 468 (Bankr. N.D. Ohio 2008). All three elements thus are satisfied, and the Court will grant the Plaintiffs' motion to the extent that any amount David owed under paragraph R of the Judgment is nondischargeable.

The Court is further supported in this conclusion by an analysis of 11 U.S.C. § 523(a)(5). Section 523(a)(5) creates an exception to a Chapter 7 discharge "for a domestic support obligation." 11 U.S.C. § 523(a)(5). In turn, the term "domestic support obligation" means a debt that, among other items, "that is— (A) owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit. . . .."
Like in § 523(a)(15), § 523(a)(5) refers to a "child of the debtor." Again, the statute is not limited to minor children.

There have been numerous cases wherein §523(a)(5) was used to deny the dischargeability of a debt owed by a debtor to pay for college expenses for the adult children of a marriage. These cases held the debt nondischargeable despite the fact that the college expense would be going to a non-minor child. *See Richardson v. Edwards*, 127 F.3d 97, 100–01 (D.C. Cir. 1997); *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 905 (11th Cir.1985); *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984). The vast majority of district and bankruptcy courts have held that a parent's obligation to pay a child's college expenses pursuant to a divorce decree constitute an obligation "in the nature of support" that is nondischargeable under § 523(a)(5). *See Bush v. Bush (In re Bush)*, 154 B.R. 69,

7

70-71 (Bankr. S.D. Ohio 1993) (applying test set forth in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir. 1983), and finding debtor's obligation to make college assistance payments for his children's education to be in the nature of support); *see also In re Schumacher*, 495 B.R. 735, 744 (Bankr. W.D. Tex. 2013) (treating obligation set forth in divorce decree to pay adult children's college-related expenses as a domestic support obligation in the court's analysis under 11 U.S.C. § 707(b)(3) ).  "Because Congress "did not limit the word 'child' by prefacing it with the word 'minor,'" § 523(a)(5) allows for the nondischargeability of certain support obligations owed to children even after they have reached the age of majority." *In re Seixas*, 239 B.R. 398, 404 (B.A.P. 9th Cir. 1999).

Because child in § 523(a)(5) is not limited to "minor" children, the Court can see no reason to insert such a limitation into the reading of § 523(a)(15).  Such a reading would make the application of the two similarly situated statutes inconsistent.  Since § 523(a)(5) applies to adult children, the Court will also apply § 523(a)(15) to adult children.

The last issue to be discussed is a half-hearted standing argument that David makes.  Citing *Bryant v. Bryant (In re Bryant)*, 260 B.R. 839, David contends that, in the Sixth Circuit, only a debtor's spouse, former spouse, or child has standing to bring an action under § 523 (a)(15).  Because he reads "child" to only mean "minor" children, he does not believe the Plaintiffs have standing to bring this action.  The Court disagrees.

In this action, both plaintiffs are expressly provided for in the statute.  Andrea is the former spouse of the debtor, David.  Nolan is the child of the debtor, David.  Clearly, under the plain terms of the statute, they each have standing to challenge the dischargeability of the debt provided for in the Judgment that ended the marriage between Andrea and David.

## V. Conclusion

To conclude, there are no material questions of fact and the Plaintiffs have carried their burden of proof with respect to the debt set forth in paragraph R of the Judgment. The debt in question is 1) owed to the child of David, 2) it is not of the kind described in paragraph § 523(a)(5), and 3) it was incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree. Each of the elements are met. The Court rejects the David's argument that § 523(a)(15) is limited to minor children. Such a reading is inconsistent with the plain language of the statute and inconsistent with the reading of a similar statute using the same terms. Finally, the Court finds that the Plaintiffs in this action, Andrea and Nolan, have the requisite standing to bring this action. Therefore, the amount due and owing under the Consent Final Judgment and Dissolution of Marriage entered on or about May 17, 2022 in the Jacksonville, Duval County, Florida, (concerning the misuse of a UTMA Account) to Nolan Zaepfel and/or Andrea Cheek, is nondischargeable pursuant to 11 U.S.C. §523(a)(15). The Court will schedule a telephonic pre-trial conference to discuss what, if anything, else needs to be resolved in this case. A separate order will be entered in accordance with this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: September 4, 2024

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: )<br>)<br>DAVID ZAEPFEL )<br>)<br>　　　　　　Debtor )<br>_____ )<br>)<br>ANDREA CHEEK ZAEPFEL )<br>N/K/A ANDREA CHEEK and )<br>NOLAN ZAEPFEL )<br>)<br>　　　　　　PLAINTIFFS )<br>)<br>vs )<br>)<br>DAVID ZAEPFEL )<br>_____ ) | CASE NO. 23-32852<br>CHAPTER 7<br><br><br><br><br><br><br><br><br><br>A.P. No. 24-3006 |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the amount due and owing under the Consent Final Judgment and Dissolution of Marriage entered on or about May 17, 2022 in the Jacksonville, Duval County, Florida, (concerning the misuse of a UTMA Account) to Nolan Zaepfel and/or Andrea Cheek, is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

**IT IS FURTHER ORDERED** that the Court will schedule a telephonic pre-trial conference to discuss, what, if any, other actions need to take place to close this case.

This is a final and appealable order, and there is no just cause for delay.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: September 4, 2024